EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* WILLIAM R. OLIVERAS MARTÍNEZ, acusado y apelante.

*Número:* CR-65-49      *Resuelto:* 24 de enero de 1966

*Enrique Corchado Juarbe,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados de El Pueblo.

SENTENCIA

San Juan, Puerto Rico, 24 de enero de 1966

La prueba en esta convicción de homicidio voluntario fue claramente conflictiva. La de cargo tendió a demostrar que el apelante, la madre y dos personas más que fueron acusadas, agredían al interfecto, padre del apelante y esposo de otra co-acusada, mientras éste estaba en el suelo boca arriba al lado de un carro chocado. Dos testigos declararon que vieron a estas personas darle puntapiés al interfecto en esa posición y que el apelante tenía además en las manos un objeto de unas doce a quince pulgadas de largo cuya naturaleza no pudieron precisar, con el cual le daba al interfecto. Otra prueba de cargo demuestra que el apelante paró un testigo y le dijo que le ayudara a llevar a su padre al hospital porque habían tenido un accidente de automóvil y estaba herido.

La prueba de defensa tendió a demostrar que hubo un accidente de automóvil, un choque, y que el interfecto se lesionó como consecuencia de dicho choque. Tendió también a demostrar que en el hospital le manifestó a una enfermera que había sido un accidente y que estaba en estado de embriaguez.

Conflictiva como fue la prueba, el jurado aparentemente le dio crédito a la de cargo que tendió a demostrar la agresión, y contra esa determinación este Tribunal no habría de disponer en contrario. Según la autopsia, el perjudicado murió como consecuencia de peritonitis causada por una rotura del duodeno. Los demás co-acusados, excepto el apelante, fueron absueltos por el jurado.

Surge del récord, sin embargo, que la única y toda instrucción dada por el juez en este caso referente al delito cometido, se limitó a lo siguiente: "Dice el Código Penal que Homicidio es dar muerte ilegal a un ser humano sin que medie malicia expresa o implícita y sin ninguna clase de deliberación. El homicidio es de dos clases: Voluntario cuando ocurre con ocasión de una súbita pendencia, o arrebato de cólera; e involuntario."

Dispone el Código que es involuntario el homicidio cuando ocurre al realizarse un acto ilegal, que no constituyere delito grave; o al realizarse un acto legal que pudiere ocasionar muerte en forma ilegal, o sin la debida prudencia o circunspección.

Aceptando la existencia de la agresión como lo creyó el jurado, y no habiendo determinado la prueba de cargo la naturaleza del objeto que esos testigos dicen que tenía el apelante en las manos, era de rigor que el juez hubiera instruido al jurado sobre los elementos del homicidio involuntario. La ausencia de tal instrucción fue un error perjudicial, particularmente en las circunstancias de este caso, por la forma en que la prueba demuestra que se cometió la agresión creída por el jurado, que no excluía la comisión de un acto ilegal que no fuera delito grave.

Se revoca la sentencia condenatoria de cuatro a ocho años de presidio impuesta al apelante en 20 de julio de 1964 y se ordena la celebración de un nuevo juicio.

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente, quien al igual que el Juez Asociado Sr. Rigau no intervino.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquin Berríos
*Secretario Interino*